Jan D. Sokol, ISB #6498
jdsokol@sokol-larkin.com
SOKOL LARKIN
4380 S. Macadam Avenue, Suite 530
Portland, OR  97239
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Plaintiffs Federal Insurance Company and Liberty Mutual Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>TDS METROCOM, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** |

**INTRODUCTION**

1.      Federal Insurance Company ("Federal") and Liberty Mutual Insurance

Company ("Liberty") (collectively, Federal and Liberty are referred to as "Sureties"

herein) bring this Complaint for Breach of Contract and Declaratory Judgment against

///

COMPLAINT - 1



Defendant TDS Metrocom, LLC ("TDS") in connection with TDS' breach of the terms of certain bonds issued by the Sureties.

## JURISDICTION AND VENUE

2.      The Court has diversity jurisdiction under 28 U.S.C. § 1332 because Federal, Liberty, and TDS are each citizens of different States and, as described below, the matter in controversy for the bonds issued by the Sureties is in the tens of millions of dollars and, therefore, exceed the sum or value of $75,000, exclusive of interests and costs.

3.      Venue is proper in the U.S. District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint and alleged herein are for obligations and/or performance in this judicial district.

4.      The Sureties seek a declaratory judgment under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to declare the rights and obligations of the parties.

## THE PARTIES

5.      Federal is an Indiana corporation with its principal place of business in Whitehouse Station, New Jersey.  As relevant to the allegations herein, Federal issued certain bonds for which TDS is listed as obligee.

6.      Liberty is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  As relevant to the allegations herein, Liberty issued certain bonds for which TDS is listed as obligee.

///

COMPLAINT - 2

SOKOL ☐ LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

7.      Upon information and belief, TDS is a Delaware limited liability company with its principal place of business in Madison, Wisconsin.  As relevant to the allegations contained herein, TDS is the obligee on certain bonds issued by the Sureties.

## GENERAL ALLEGATIONS

8.      In 2020, TDS and Quanta Telecommunication Services, LLC ("Quanta") entered into a Master Services Agreement for Engineering and/or Construction and, pursuant to said agreement, TDS issued certain Build Orders for construction of fiber network systems (collectively, the "Construction Contract").  Build Order No. 1 was entered into as of January 10, 2020 and was for certain work to be performed in Garden City and the Township of Boise City, Idaho.  Build Order No. 2 was entered into as of February 28, 2020 and was for certain work to be performed in Spokane, Washington. Build Order No. 3 was entered into as of March 24, 2020 and was for certain work to be performed in Spokane Valley, Washington.  Collectively, the work to be performed pursuant to Build Order No. 1, Build Order No. 2, and Build Order No. 3 are referred to as the "Projects."

9.      In connection with the Projects, the Sureties posted payment and performance bonds for Quanta, as principal, to TDS, as obligee, as follows:

a.      In connection with Build Order No. 1, dated January 10, 2020, the Sureties posted Bond No.: K40432899-906223849 ("Build Order 1 Bond"). Build Order 1 Bond has a penal sum of twenty three million nine hundred eighty six thousand six hundred sixty four dollars ($23,986,664.00).

///

COMPLAINT - 3



4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

Attached as **Exhibit A** is a true and correct copy of the Build Order 1 Bond.

b.     In connection with Build Order No. 2, dated February 28, 2020, the Sureties posted Bond No.: K40432851-906223850 ("Build Order 2 Bond"). Build Order 2 Bond has a penal sum of eighty six million one hundred sixty one thousand one hundred fifty two dollars ($86,161,152.00).  Attached as **Exhibit B** is a true and correct copy of the Build Order 2 Bond.

c.     In connection with Build Order No. 3, dated March 24, 2020, the Sureties posted Bond No.: K40432863-906223845 ("Build Order 3 Bond"). Build Order 3 Bond has a penal sum of thirty two million two hundred thirty four thousand four hundred thirty three dollars ($32,234,433.00).  Attached as **Exhibit C** is a true and correct copy of the Build Order 3 Bond.

10.     Collectively, Build Order 1 Bond, Build Order 2 Bond, and Build Order 3 Bond are referred to as the "Bonds" herein.  The Bonds are each standard form bonds prepared by TDS and are substantially similar.

11.     Quanta undertook certain work on the Projects pursuant to the Construction Contract.  The work undertaken by Quanta included performing substantial obligations under the Construction Contract within the State of Idaho.

12.     In or about May 2022, TDS sent letters to Quanta purporting to provide written notice of default on Build Order No. 1 and purporting to declare Quanta in default under Build Order Nos. 2 and 3.  None of the letters requested that Sureties undertake any action.

COMPLAINT - 4

SOKOL 𝕊 LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

13.     On June 24, 2022, and July 6, 2022, TDS provided notice that it was purporting to "tak[e] over for cause" Build Order Nos. 1-3, alleging in part that the Sureties and Quanta had failed to correct the alleged defaults and essentially terminating Quanta's rights to proceed with work under Build Order Nos. 1-3.

14.     Pursuant to Paragraph 2 of each of the Bonds, the Sureties are entitled to notice from TDS that it is terminating the right of Quanta to undertake the work and then is able to choose which of the permitted actions Sureties will undertake:

> If the Contractor is in default of the Construction Contract and TDS, by written notice to the Contractor and the Surety, declares the Contractor to be in default and terminates the right of the Contractor to proceed, the Surety shall thereupon promptly notify TDS in writing as to which of the actions permitted to the Surety in Paragraph 3 it will take.

Ex. A ¶ 2; Ex. B ¶ 2; Ex. C ¶ 2.[1]

15.     Pursuant to Paragraph 3 of the Bonds, "[u]pon default and termination of the Contractor's right to proceed and notice to the Contractor and Surety as provided in Paragraph 2 above, **the Surety** shall within 30 days proceed to take one or, **at its option**, more than one of the following courses of action:

> a. **Proceed itself or through others acting on its behalf, to complete full performance** of the Construction Contract including, without limitation, correction of defective and nonconforming work performed by or on behalf of the Contractor.  During such performance by the Surety TDS shall pay the Surety from its own funds only such sums as would have been due and payable to the Contractor in the absence of the default and termination.
>
> b. Applicable law permitting, and with the prior written consent of TDS, obtain bids or proposals from contractors previously identified as being acceptable to TDS, for full performance of the Construction Contract.  The Surety shall furnish TDS a copy of such bids or proposals upon receipt of

---

[1]  As used in the Bonds, the reference to "Contractor" means Quanta and the reference to "Surety" means the Sureties.

COMPLAINT - 5



4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

same.  The Surety shall promptly select, with the agreement of TDS, the best responsive bid or proposal and shall promptly tender the contractor submitting it, together with a contract for fulfillment and completion of the Construction Contract executed by the completing contractor, to TDS for TDS's execution.  Upon execution by TDS of such contract for fulfillment and completion of the Construction Contract, the completing contractor shall furnish to TDS a performance bond and a separate payment bond, each in the form of those bonds previously furnished to TDS for a Project by the Contractor.  Each such bond shall be in the penal sum of the (1) fixed price for completion, (2) guaranteed maximum price for completion, or (3) estimated price for completion, whichever is applicable.  TDS shall pay the completing contractor from its own funds only such sums as would have been due and payable to the Contractor under the Construction Contract as and when they would have been due and payable to the Contractor in the absence of the default and termination.  To the extent that TDS is obligated to pay the completing contractor sums which would not have then been due and payable to the Contractor under the Construction Contract, the Surety shall provide TDS with such sums in a sufficiently timely manner that TDS can utilize such sums in making timely payment to the completing contractor; or,

c. Take any and all other acts, if any, mutually agreed upon in writing by TDS and the Surety."

Ex. A ¶ 3 (emphasis added); Ex. B ¶ 3 (emphasis added); Ex. C ¶ 3 (emphasis added).

16.     That is, under the express term of the Bonds, the Sureties are entitled to select which actions under Paragraph 3 of the Bonds that Sureties will undertake. Despite this, TDS unilaterally breached the Bonds by declaring its intent to take over Build Order Nos. 1-3 and depriving Sureties of their rights under the Bonds.

17.     In addition to violating the terms of the Bonds, TDS refused reasonable requests for information by the Sureties to assist in their investigation and evaluation of TDS' claims.  This failure was contrary to the Bonds, industry standards, and good-faith dealings.

///

COMPLAINT - 6

SOKOL ⬡ LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

18.     Despite TDS' breach of the Bonds and refusal to cooperate with the Sureties' investigation, Sureties—under a full reservation of their rights and defenses—elected to proceed under Section 3a of the Bonds, designating Quanta as the completion contractor.  TDS rejected Quanta as the completion contractor and the Sureties' election, again contrary to the terms of the Bonds.

19.     Because TDS failed to allow the Sureties to determine which option to elect, TDS breached its obligations under the Bonds and thereby abrogated the Bonds. As a result, the Bonds are void.

20.     Although the Bonds are null and void by TDS' actions, TDS purports to consider the Sureties' position as "anticipatory breaches" and has indicated an intent to "seek damages for the actions" of Sureties pursuant to the voided Bonds.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

21.     The Sureties reallege Paragraphs 1-20 above.

22.     The Bonds are valid contracts.

23.     The Sureties have complied with all obligations under the Bonds and/or were willing and able to perform all obligations in the Bonds.

24.     TDS breached the express and/or implied terms of the Bonds, including but not limited to by:  (a) failing to cooperate with the Sureties, (b) failing to provide reasonable information requested by the Sureties, and (c) refusing to allow the Sureties their rights under the Bonds (including but not limited to refusing to allow Sureties to make their election of actions identified in Paragraph 3a of the Bonds).

COMPLAINT - 7

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

25.     The Bonds incorporate the Construction Contract, which provides for attorney fees and costs.

26.     Sureties have been harmed by TDS' breach of the Bonds in an amount to be proved at trial, including attorney fees and costs incurred as a result of TDS' violation of the terms of the Bonds.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment

27.     The Sureties reallege Paragraphs 1-26 above.

28.     TDS breached the express and/or implied terms of the Bonds, including but not limited to by:  (a) failing to cooperate with the Sureties, (b) failing to provide reasonable information requested by the Sureties, and (c) refusing to allow the Sureties their rights under the Bonds (including but not limited to refusing to allow Sureties to make their election of actions identified in Paragraph 3a of the Bonds).

29.     An actual and judiciable controversy has arisen and now exists between the Sureties and TDS with respect to whether the Sureties have any remaining obligations under the Bonds.  Sureties contend that TDS' material breaches of the Bonds make the Bonds null and void and excuse any performance under the Bonds by the Sureties.  Upon information and belief, TDS considers Sureties in breach of the Bonds and indicated an intent to seek damages related thereto.

30.     A declaratory judgment is necessary and appropriate in order for the parties to know and understand any remaining legal rights, duties, and/or obligations under the Bonds.

COMPLAINT - 8

SOKOL ⧈ LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699

31.     Sureties are thus entitled to a declaration that TDS has breached the Bonds, that the Bonds are null and void, and that any obligations under the Bonds have been extinguished and/or excused by TDS' violation of the terms of the Bonds.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, Federal Insurance Company and Liberty Mutual Insurance Company, pray for the following relief:

a.     For judgment against TDS on the breach of contract claim in an amount to be proved;

b.     For a declaration that TDS has breached the Bonds, declaring the Bonds null and void, and declaring that any of the Sureties' obligations under the Bonds have been extinguished and/or excused;

c.     For judgment for Sureties' attorney fees and costs; and

d.     For such other relief as the Court deems just and equitable.

DATED this 9th day of August, 2022.


SOKOL LARKIN


By: */s/ Jan D. Sokol*
Jan D. Sokol, ISB #6498
jdsokol@sokol-larkin.com
*Attorneys for Plaintiffs Federal Insurance Company and Liberty Mutual Insurance Company*

COMPLAINT - 9

SOKOL ⧄ LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699